Corinne Chandler - SBN 111423
 email: cchandler@kantorlaw.net
Christina Smith - SBN 193509
 email: csmith@kantorlaw.net
KANTOR & KANTOR LLP
19830 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Rosalyn Robles-Esquivel

Daniel W. Maguire - SBN 120002
 email: dmaguire@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Facsimile: (213) 236-2700

Attorneys for Defendant
Sun Life Assurance Company of Canada, U.S.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA -FRESNO

| | |
|---|---|
| ROSALYN ROBLES-ESQUIVEL, | Case No. 1:10-CV-00230-LJO-GSA |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | |
| Defendant. | |

The parties to this action, by their respective counsel, hereby agree and stipulate to the following protective order in the above-captioned case:

1. <u>Scope of Order</u>. The purpose of this Stipulated Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information by parties and non-parties. All such documents and information protected by this Stipulated Protective Order will hereafter be referred to as "Protected

1

Information."   The Protected Information shall be used solely in connection with the litigation and trial of this case, and for no other purpose or in any other case.

2. <u>Definitions</u>. Materials and information protected by this Stipulated Protective Order shall mean any documents, materials, items, or information designated by Plaintiff, Defendant or any other third party as "Confidential" and produced in response to a party's requests for production of documents, interrogatories, stipulation, subpoena, motion or deposition. "Protected Information" is limited to the following categories: (i) the proprietary and trade secret information contained in Sun Life's Processing Disability Claims: LTD Guide, and any other internal manuals for handling, processing and adjusting long term disability claims or related guidelines, instructions, policies and procedures used in the handling of Plaintiff's claim; (ii) any sensitive financial information of Plaintiff that may allow for the identification or misuse of Plaintiff's personal financial information, including but not limited to social security numbers, account numbers or information from the Social Security Administration, State of California- Employment Development Department, or the California Public Employees Retirement System (CalPERS); and (iii) any sensitive information relating to Plaintiff's psychological condition including doctor's or therapist's notes, diagnoses or treatment notes, or records of office visits contained in Plaintiff's medical or psychological records.

Protection of documents in Category (i) is required because these proprietary, commercially-sensitive documents are a product of Sun Life's experience and expertise in the insurance industry, and are not disseminated to the general public or to Sun Life's insureds.  Only Sun Life employees are granted access to these documents. Protection of documents in Categories (ii) and (iii) is required to protect the financial security of Plaintiff and ensure that documents are protected that might allow for misuse of Plaintiff's identity or identity theft.  In addition, this protection is required due to the fact that one element of this case involves Plaintiff's psychological state and these records related to her psychiatric treatment reveal confidential and sensitive

personal information.

"Protected Information" does not include information that: (i) is in the public domain at the time of disclosure, through no fault of the party challenging the designation; (ii) becomes part of the public domain through no fault of the party challenging the designation, (iii) was in the receiving party's rightful and lawful possession at the time of disclosure; or (iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; and such information shall not be designated as "Confidential".  Designations shall be made by counsel in good faith.

The parties assert that the "Protected Information" should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any potential violations of this protective order.  A private agreement between the parties would not serve to fully protect the confidential nature of the "Protected Information" from unwarranted disclosure, would not be as strong of a deterrent against such disclosure, and would not provide sufficient remedies in the event of disclosure.

3. <u>Category of Protection</u>.  There shall be only one category of protection. Documents or other material may be designated as "Confidential" by a party or a producing nonparty if they contain information of the type referred to in Paragraph 2 of this Stipulated Protective Order.  Confidential Material may not be photocopied, reproduced or duplicated in any manner, whether in hard copy or electronic format, subject to the explicit exceptions contained in this Order.

4. <u>Qualified Persons</u>. Protected Information as designated above shall be used only for the purposes of conducting this litigation and shall be disclosed only to "Qualified Persons" which, as used herein, shall mean:

   (a) Outside counsel who have made an appearance in this litigation and outside counsel for any third party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel to whom it is necessary that the Protected Information be shown for purposes of this litigation.

   (b) Bonafide outside consultants and experts and their clerical and support staff specifically engaged by counsel or the parties to assist in this litigation, provided such experts are not a competitor of any party to or third party required to produce documents or give testimony in this litigation.

   (c) Officers, in-house counsel, or other employees of any party or any "third party required to produce documents or give testimony in this lawsuit.

   (d) The Court, other court officials (including court reporters and videographers) and the jury or other trier of fact.

   (e) Factual witnesses who agree to comply with and be bound by the requirements of this Order and whose role as a witness is such that they have a genuine need to know the content of the Protected Information.

   (f) Any other person as to whom the producing party or third party agrees in writing or as to whom a court order has been obtained.

  5. <u>Use and Dissemination of Protected Information</u>. Information designated as "Confidential" information shall not be disclosed or made available by the receiving party or third party to anyone other than a Qualified Person.

  6. <u>Disclosure to Third Parties</u>. The Qualified Persons listed in Paragraph 4 shall not distribute, disclose or otherwise publish or make available the Protected Information to any third persons unless consented to in writing by the party

4

designating that material as Protected Information under this Stipulated Protective Order, or permitted to do so by the Court. Further, before disclosure of Protected Information to any person under this Stipulated Protective Order, each such person shall be provided with a copy of this Stipulated Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A).

7. <u>Party's Right To Use Information</u>. Nothing in this Order shall prevent a party from using its own Protected Information in any manner it sees fit or from revealing its own Protected Information to a person other than those designated in Paragraph 4 as a qualified person without prior consent of any other person, entity or this Court. Parties acknowledge that by revealing Protected Information to a person other than those designated in Paragraph 4 as a qualified person, all information revealed shall no longer be designated Protected Information, and any party doing so must notify the other party of such disclosure to someone other than a qualified person as that term is defined in Paragraph 4. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if each party or third party designating the information as "Confidential" consents to such disclosure in writing or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any attorney of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party or third party produced such information. Nor shall anything herein prevent any attorney of record from utilizing "Confidential" information in the examination or cross-examination of any person who is an officer, director or employee of the party or third party so designating the information as "Confidential" or of the party or third party that produced the information.

8. <u>Disclosure to Government</u>. No party, or persons acting on any party's behalf, may voluntarily disclose any Protected Information to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise

commanded by law or provided in this Stipulated Protective Order and may do so only after providing reasonable notice to the attorneys for the party who produced the Protected Information so that it may act upon or object to such disclosure.

9. Rights Preserved. Nothing in this Order shall be deemed to preclude any party or third party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision of this order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated (in the manner specified in Paragraph 10 below), or from requesting the Court to amend or modify this Order with respect to any particular matter. Nothing in this Order shall be deemed a waiver of any party's right to object to the admissibility of any documents produced pursuant to this Stipulated Protective Order at trial or any other court proceeding on the of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

10. Objections to Designation. Any party may, after production of material designated under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall confer within 15 calendar days of service of any objection. If the objection is not resolved, the Designating Party shall, within 15 calendar days of the conference, file and serve a motion in this Court to resolve the dispute and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material shall cease to be treated as Confidential. If a motion is filed, information subject to dispute shall be treated consistently with its designation until further order of the Court. With respect to any material which ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to the other party, a copy of each document from which all confidential legends previously affixed have been removed.

11. <u>Filing Under Seal</u>. In the event a party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Information must be of the type set forth in Paragraph 2 and 3 of this Stipulated Protective Order and must satisfy the criteria set forth in Local Rule 141.  The party wishing to file such Protected Information shall request that the Court recognize the information as "Protected Information" and shall fully comply with all rules and procedures set forth by Fed. R.Civ.P. 5.2, 26 and Local Rule 141 and any other applicable rules governing the request to file documents under seal.

12. <u>Consent to Disclosure</u>. Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if all parties consent to such disclosure, or if the Court, after notice to all parties, permits such disclosure or refuses to allow the filing of documents under seal. Specifically, if and to the extent any party wishes to disclose any Protected Information beyond the terms of this Stipulated Protective Order, that party shall provide the other party with reasonable notice in writing of its request to so disclose the materials.

13. <u>Inadvertent Disclosure</u>. The inadvertent production or disclosure of any Protected Information (including physical objects) to the receiving party shall not constitute a waiver of the attorney-client privilege or work product immunity if the producing party sends to each receiving party a request for return of any such inadvertently produced documents to the producing party within 30 days, Upon receiving such a request by the producing party, the receiving party immediately shall return to the producing party all copies of such documents, or shall immediately confirm in writing that all electronic copies of the documents have been deleted from electronic records and all paper copies of the documents have been destroyed. Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have fifteen calendar days to respond. The producing party's response shall: (1) state whether the document was or was not inadvertently produced, (2) if applicable, designate the document as within the

attorney-client privilege or work product immunity, and (3) state whether return of the document is requested. In the event the receiving party challenges the propriety of the attorney-client privilege or work product immunity designation, the party asserting privilege may file an appropriate motion with the Court. In such a motion, the burden of establishing privilege shall remain on the party asserting the privilege. If a document or information has been used during a deposition, used at a hearing, identified in a pleading filed with the Court, identified in a pretrial order or interrogatory response, identified for use at trial, or disclosed to the Court, no claim of inadvertent production may be made unless such claim is made within fifteen (15) calendar days of such use, identification or disclosure.

14. <u>Court Retains Final Authority</u>. The Court retains final authority to determine what is or is not "Protected Information" as defined by Paragraph 2 and 3 of this Stipulated Protective Order and to remove the "Confidential" designation from any document governed by this Stipulated Protective Order as necessary to protect the public interest.  Further, and notwithstanding any provisions stated in Paragraph 10, should the Court determine that documents may **not** be filed under seal, parties are permitted to file documents containing Protected Information without limitation.

15. <u>Conclusion of Litigation</u>. Within sixty (60) days after the termination of this litigation and any appeal thereof, all Protected Information produced by a party or third party, including originals and copies (including electronic copies), that are in the possession of any of the persons who are Qualified Persons pursuant to Paragraph 4, except those in subparagraph 4(d), shall be returned to the producing party or third party, except as this Court may otherwise order. Following termination of this litigation, the provisions of this Order relating to the confidentiality of Protected Information shall continue to be binding, except with respect to documents and information which are no longer Protected Information. This Court retains jurisdiction over all persons provided access to Protected Information for enforcement of the provisions of this Order following termination of this action and the final conclusion

of this action.

16. <u>Violation of Order</u>. Willful violation by any person of any provision of this Order may be punishable as contempt of Court. Further, any party hereto may pursue any and all civil remedies available to him or it for breach of the terms of this Order.

17. This Stipulated Protective Order shall be effective and enforced according to its terms from and after entry of the Order by this Court.

Date: October 25, 2010      BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Daniel W. Maguire*
Daniel W. Maguire
Annie L. Albertson
Attorneys for Defendant
Sun Life Assurance Company of Canada, U.S.A.

Date: October 25, 2010      KANTOR & KANTOR LLP

By */s/ Christina J. Smith*
Corinne Chandler
Christina J. Smith
Attorneys for Plaintiff
Rosalyn Robles-Esquivel

IT IS SO ORDERED.

   Dated: **October 30, 2010**                    */s/ Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, have reviewed the Stipulated Protective Order entered by the Court in the above-styled matter, and I have had an opportunity to review it and seek independent counsel about its contents. Having read the Stipulated Protective Order, understanding its contents, including the obligations and duties it imposes upon me, and agreeing to abide by it, I voluntarily, knowingly, and by my own hand execute this Non-Disclosure Agreement, which obligates me to adhere to the terms of the Stipulated Protective Order,

EXECUTED this _____ day of _____ , 20__.

_____

Signature of Qualified Person

_____